UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR AN ORDER AUTHORIZING THE ) <br> INSTALLATION AND USE OF A ) <br> PEN REGISTER AND TRAP & TRACE ) <br> DEVICE AND THE DISCLOSURE OF ) <br> STORED ELECTRONIC ) <br> AND TRANSACTIONAL RECORDS FOR ) <br> FACEBOOK.COM IDENTIFICATION ) <br> NO. 100000560191602 ) | MAGISTRATE NO. 16-1142 <br><br> **(UNDER SEAL)** |

## APPLICATION

The United States of America, by and through Conor Lamb, Assistant United States Attorney for the Western District of Pennsylvania, applies to the Court for an Order authorizing the installation and use of a pen register and trap and trace device and the disclosure of stored electronic and transactional records for internet users accessing the social networking website Facebook, Inc., specifically an account bearing identification number 100000560191602. The purpose of the proposed order is to gather information from the foregoing Facebook account that will lead to the capture of a fugitive who is being investigated by the United States Marshals Service (USMS) for possible violations of federal criminal offenses, including Title 18 United States Code, Section 3583, Supervised Release. In support of this application, the United States offers the following:

1. Applicant is an "attorney for the government" as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Title 18, United States Code section 3122, may apply for an Order authorizing the installation and use of a pen register and trap and trace device.

1

2. Applicant certifies that the USMS, Western Pennsylvania Fugitive Task Force (WPAFTF) has relayed to the applicant that they are attempting to locate Jeffrey CARTER. According to a Deputy with the USMS, CARTER is currently wanted by the USMS on a federal arrest warrant signed on November 29, 2016, for violations of Title 18 United States Code, Section 3583, Supervised Release in the Western District of Pennsylvania in case # 2:08-CR-357 on a Possession With Intent To Distribute Cocaine Base conviction. In support of the request for an order authorizing the disclosure of stored electronic and transactional records, Applicant believes based on information provided by a Deputy with the USMS that CARTER's girlfriend / child's mother, Jasmine MCLEAN is actively maintaining and using the Facebook account, bearing identification number 100000560191602 and that MCLEAN and CARTER are currently residing together. Specifically, Deputy United States Marshal (DUSM) Sean P. Kiley provided Applicant with the following facts in support of the foregoing:

    a. The USMS is investigating Jeffrey CARTER for possible violations of Title 18 United States Code, Section 3583, Supervised Release.

    b. On November 29, 2016, U.S. District Judge (USDJ) Nora Barry Fischer issued a federal arrest warrant for JEFFREY CARTER for violations of Title 18 United States Code, Section 3583, Supervised Release in the Western District of Pennsylvania in case # 2:08-CR-357 on a Possession With Intent To Distribute Cocaine Base conviction. CARTER violated his supervised release on November 26, 2016, with new charges from Monongahela City Police (MCPD) for Possession of a Firearm Prohibited, Firearms Not to be Carried w/o a License and Driving Under the Influence (DUI). CARTER was arrested and held on a $30,000 bond which he posted on November 26, 2016. This offense occurred in the Western District of Pennsylvania. On

2

the same date, Deputy U.S. Marshal (DUSM) Sean P. KILEY of the USMS WPAFTF was assigned the federal fugitive investigation.

        c.      Since November 29, 2016, surveillance and arrest attempts for CARTER were made by USMS in New Eagle, Charleroi and McKeesport to no avail and CARTER's current whereabouts are unknown. At his last known address at 169 Main St, New Eagle, PA 15067, which I also believe to be the residence of his child's mother, Jasmine MCLEAN, CARTER was not seen during surveillance of the residence and movers from T & T Furniture Transport were viewed moving furniture from the target residence into their box van. On December 02, 2016, your affiant contacted T & T Furniture Transport and learned that T & T Furniture Transport moved CARTER and MCLEAN's household goods to Extra Space Storage at 2016 Lebanon Rd, West Mifflin, PA 15122. I am also aware from an interview conducted by DUSM Kiley at Extra Space Storage that MCLEAN paid for the rental unit there, and that MCLEAN signed the paperwork allowing CARTER to post bond on November 26, 2016. This leads me to believe that MCLEAN is assisting CARTER in eluding law enforcement detection and execution of his federal arrest warrant.

        d.      As stated throughout, CARTER is currently a fugitive and his whereabouts remain unknown. On December 07, 2016, DUSM Kiley accessed the web based social networking site "Facebook.com" and conducted a name search utilizing the name Jasmine MCLEAN. MCLEAN is known by your affiant to be the live-in girlfriend / child's mother of CARTER. Jasmine MCLEAN has an https of www.facebook.com/jasmine.mclean.5. The profile picture displays the likeness of Jeffrey CARTER and Jasmine MCLEAN. DUSM Kiley reviewed the profile page for MCLEAN's account which provided a link to MCLEAN's account bearing

identification number 100000560191602.  DUSM Kiley reviewed CARTER's photo section which displayed three photographs which were easily recognizable as CARTER along with the video section having two videos with a black male which were easily recognizable as CARTER as well.

3. Information gained from the Pen Register Trap and Trace order relating to the Facebook, Inc. account, bearing identification number 100000560191602, will assist the United States Marshals Service in part by helping to determine the whereabouts of MCLEAN and CARTER.  DUSM Kiley believes a Pen Register Trap and Trace on MCLEAN's Facebook is the best method to locate him.

4. Applicant believes that the information gained from the proposed pen register and trap and trace device and disclosure of stored electronic communications and transactional records relating to the Facebook account, bearing identification number 100000560191602 will substantially assist the USMS in determining the whereabouts of CARTER.

5. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, provided, however, that such information shall not include the contents of any communication, but such term does not include any device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by such provider or any device or process used by a provider or customer of a wire communication service for cost accounting or other like purposes in the ordinary course of its business." 18 U.S.C. § 3127(3). Similarly, a "trap and trace device" is a "device or process which captures the incoming electronic

or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, provided, however, that such information shall not include the contents of any communication." 18 U.S.C. § 3127(4). A pen register collects destination information for electronic transmissions. In the traditional telephone context, a pen register and trap and trace device collect origin and destination information such as the telephone numbers dialed for a telephone call. The same principles apply in the context of Internet communications: a pen register and trap and trace device collect addressing information contained in "packet headers," and, in the case of e-mails, "mail headers." Both "packet headers" and "mail headers" are portions of Internet communications that contain addressing information, analogous to "to" and "from" addresses for traditional letters and origin and destination telephone numbers for telephone calls. Importantly, "packet headers" and "mail headers" (minus the subject lines of e-mails, which contain the e-mails' titles and can include messages) do not contain the contents of electronic communications. Accordingly, this application does not seek authority to intercept the contents of any electronic communications. To obtain the contents of electronic communications in transmission (including the subject lines of e-mails), the United States ordinarily must apply for and receive a "Title III" intercept order pursuant to 18 U.S.C. §§ 2510-22. Because the "to" and "from" information contained within packet headers and mail headers can be obtained through the same combination of software and hardware (but dependent upon the Internet Service Provide or Web Portal), this application and order refers to the means of obtaining both the origination and destination information as a pen register and trap and trace device. Although not primarily assigned as an email communications platform, Facebook, Inc. does allow users or anyone visiting a user's web

page to send private email communications.

6. Applicant requests that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device to capture the packet header and mail header information (but not the subject lines of e-mails) associated with the transmission of communications and other data (including but not limited to transfers of information via the World Wide Web, e-mail, telnet, and the file transfer protocol) to and from the Facebook account, bearing identification number 100000560191602, and for any Internet Service Accounts identified as logging into the administrative features (via username and password) of Facebook account, bearing identification number 100000560191602 ; to record the e-mail header information including internet protocol (IP) addresses and date, time, duration and physical and virtual locations of the initiation and receipt of such transmissions ("IP Logs"); and all Internet connections receiving such data ("Connection Logs"), without geographic limit; all for a period of sixty (60) days from the date of the Order or until CARTER's arrest, whichever occurs first.

7. Applicant further requests that the Order direct the furnishings of information, facilities, and technical assistance necessary (to include assigning a static IP address to Internet Service Accounts accessing the Facebook account, bearing identification number 100000560191602 , if requested by the USMS) to accomplish the installation of the pen register and trap and trace device unobtrusively and with reasonable compensation to be paid by the USMS for reasonable expenses incurred in providing such facilities and assistance.

8. Applicant further requests, pursuant to Title 18, United States Code sections 2703(c)(1)(B)(ii) and (d), that any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate the execution of the

order provide agents of the USMS with all subscriber/account information concerning the Facebook account, bearing identification number 100000560191602 and any Internet Service Account(s) or email accounts accessing or communicating with the Facebook account, bearing identification number 100000560191602, including but not limited to: IP address history log and connection/registration logs, user profile and billing/credit information, buddy lists, address book recipients, group membership, mail forwarding information, mail retrieval from other mail server information.

9. In support of this request for account information, Applicant believes that, based on facts set forth above, the applicant has offered specific and articulated facts showing that there are reasonable grounds to believe that the contents of the requested records and information are both relevant and material to an ongoing criminal investigation; and that the requested records will assist law enforcement in part by determining the whereabouts of CARTER. Deputies of the USMS have a long and successful history of establishing high-probability surveillance points from examining the non-content "who's communicating with whom" transactional aspect of electronic communications. Each and every aspect of the non-content stored and live transactional records access requested herein is critical to providing USMS investigators sufficient information to identify persons who are likely knowledgeable concerning CARTER's whereabouts or to establish a collage of communications pattern sufficient to make predictive investigative use of those non-content transactions

10. Applicant further requests, pursuant to Title 18, United States Code sections 2703 (c)(1)(B)(ii) and (d), that the Internet Service and Mail Provider(s) revealed from the IP addresses and email addresses captured on the pen register and trap and trace and the IP addresses

produced on the IP address history log, provide all non-communication information concerning the account assigned the specific IP address and/or email address at the specific date and time, to include without limitation all subscriber information, caller identification / ANI information (if the account is a dial up account), or physical termination point if the account is Cable, DSL, ISDN, T1, or the like. In support of this request for account information, the Applicant certifies that, based on facts set forth above in paragraph 2, there are specific and articulable facts showing that there are reasonable grounds to believe that the requested records and information are relevant and material to an ongoing criminal investigation. The records requested will assist law enforcement in part by determining the whereabouts of CARTER and anyone supporting him in his continued flight.

WHEREFORE, it is respectfully requested that the Court grant an Order (1) authorizing the 60-day installation and use of a pen register and trap and trace device, as requested above; (2) directing any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate the execution of the order, to furnish the USMS, forthwith, all information, facilities, and technical assistance necessary to accomplish the authorizations of the order unobtrusively and with a minimum of interference to the service presently accorded persons whose transmissions are the subject of the pen register and trap and trace device; (3) historical non-content material for the period from October 27, 2016 to the date of this order (because in the experience of the Deputy U.S. Marshals, such data is necessary in order to establish a pattern of communications and improve opportunities for surveillance) and, (4) due to the nature of the charges and the ongoing investigation, that this Application and Order be placed under seal, and that the Order further direct the agents and employees of any

communications service provider, and any other person or entity receiving a copy of this Order, not disclose to the subscriber, or to any other person, the existence of the pen register and trap and trace device or of this investigation, unless or until otherwise ordered by the Court.

_____
CONOR LAMB
Assistant U.S. Attorney
PA ID No. 304874

Sworn and subscribed to before me
this 12th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE